IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY C. GARCIA,

      Plaintiff,

  vs.                    No. CIV 99-630 LCS

PHILIPS SEMICONDUCTORS,
a foreign corporation, JAMES TAYLOR
and CHUCK CHELETTE

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Partial Motion to Dismiss *(Doc. 20)*, filed October 7, 1999. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant law. The Court finds that the motion is well taken in part and shall be granted in part.

Plaintiff filed her First Amended Complaint *(Doc. 13)* on August 10, 1999 after receiving proper leave of the Court. In that complaint, she argues three concurrent causes of action (disability discrimination in violation of the Americans with Disabilities Act ("ADA"), breach of employment contract, and infliction of emotional distress in violation of the New Mexico Human Rights Act), and pleads in the alternative a cause of action for *prima facie* tort. Defendants seek dismissal of the ADA claims against the individually named defendants, and dismissal of the New Mexico Human Rights Act and *prima facie* tort claims against all defendants.

I.  ADA Claims Against Individual Defendants

Plaintiff concedes that actions alleging wrongful termination on the basis of disability can only be brought against an employer, not individual defendants.  However, Plaintiff points out that Paragraph 26 of Count I clearly indicates that Plaintiff is bringing ADA claims only against Defendant Philips Semiconductors.  I agree that Paragraph 26 indicates that Plaintiff is bringing ADA claims only against the employer.  As Plaintiff is not raising ADA claims against the individual defendants, Defendants' motion is moot as to this issue.  However, I shall deny Plaintiff's request for attorney fees because the remainder of Count I, particularly Paragraph 24, is ambiguous.  I conclude that Defendants did not act so unreasonably in bringing this motion so as to justify an award of attorney fees.

II.  Motion to Dismiss Count III for Intentional Infliction of Emotional Distress under the New Mexico Human Rights Act

Count III of Plaintiff's complaint is styled as a cause of action for intentional infliction of emotional distress under the New Mexico Human Rights Act ("NMHRA").  Defendans raise two grounds for dismissal of Count III: lack of jurisdiction due to failure to exhaust administrative remedies, and failure to state a claim for intentional infliction of emotional distress.

Defendants admit that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 24, 1998 and received a "right-to-sue" letter from the EEOC on February 5, 1999.  However, Defendants claim that the EEOC filing does not satisfy the exhaustion requirement of the NMHRA, N.M. Stat. Ann. § 28-1-10.  Defendants cite the recent New Mexico case of *Mitchell-Carr v. McLendon*, 127 N.M. 282, 980 P.2d 65 (1999).  In *Mitchell-Carr*, the New Mexico Supreme Court determined that an EEOC right to sue letter does not trigger the thirty-day period within which a plaintiff must file a complaint in district

court. *See id.* at 286, 980 P.2d at 69. The supreme court's rationale was that *filing* an EEOC complaint satisfies the NMHRA *filing* requirement, but receiving a right-to-sue letter from the EEOC is not equivalent to receiving a right-to-sue letter (or letter of nondetermination) from the NMHRA. *See id.* In this case, Plaintiff has never formally requested a letter of nondetermination from the New Mexico Human Rights Division ("the Division"). Therefore, according to Defendants, Plaintiff has not exhausted her administrative remedies as to the NMHRA claims.

Defendants argument has merit up to a point, but their conclusion is wrong. In a prior decision, the New Mexico Supreme Court held that a plaintiff who filed a charge with the EEOC within the statutory time period and then later requested a letter of nondetermination from the Division was deemed to have exhausted her administrative remedies. *See Sabella v. Manor Care, Inc.*, 121 N.M. 596, 599, 915 P.2d 901, 904 (1996). The impact of the *Sabella* and *Mitchell-Carr* decisions, taken together, is that under New Mexico law, Plaintiff is deemed to have timely filed a NMHRA claim, and that claim has not been acted upon by the Division. Plaintiff can simply request an order of nondetermination tomorrow and thereby exhaust her administrative remedies. In fact, the *Mitchell-Carr* plaintiffs took that exact approach: more than one year after filing their EEOC complaint, and while a motion to dismiss for failure to exhaust remedies was pending in district court, they obtained a right-to-sue letter from the Division. *See Mitchell-Carr*, 127 N.M. at 288, 980 P.2d at 71. The New Mexico Supreme Court approved of that approach. *See id.* Therefore, at most, Plaintiff's NMHRA claims should be dismissed without prejudice, or held in abeyance, until she requests an order of nondetermination.

The Division is required by law to dispose of all complaints within one year of filing. *See* N.M. Stat. Ann. § 28-1-10 (G). The NMHRA also provides Plaintiff with an absolute right to

3

receive an order of nondetermination upon request 180 days after she filed her complaint. *See id.* § 28-1-10 (D). New Mexico courts have not decided the issue of whether a complaint under the NMHRA is deemed exhausted if more than one year passes and the Division does not act on a claim; *Mitchell-Carr* did not address this issue, but instead held that the Division was not jurisdictionally prohibited from issuing an order of nondetermination, upon request, more than one year after filing. *See Mitchell-Carr*, 127 N.M. at 290, 980 P.2d at 73. The converse question of whether the Division has statutory authority to provide Plaintiff affirmative administrative relief more than one year after the filing of a complaint is an unanswered question in New Mexico case law, although the statutory language of § 28-1-10(G) appears to foreclose such relief. In view of the fact that Plaintiff has an absolute right to a letter of nondetermination upon request, and that there appears to be a statutory bar to further administrative relief, I conclude that Plaintiff has exhausted her administrative remedies, or could readily exhaust her administrative remedies by requesting a letter of nondeterminartion.

Although Plaintiff could readily overcome any potential jurisdictional problems by requesting a letter of nondetermination, I conclude that such an action would be futile because Count III does not state a claim for intentional infliction of emotional distress. On this point, Defendants argue that the First Amended Complaint fails to allege any extreme or outrageous behavior on the part of any of the Defendants that could give rise to an intentional infliction of emotional distress claim. Plaintiff, in response, argues that there may be liability for such a claim if the Defendants knew that Plaintiff was "peculiarly susceptible" to emotional distress. *See Stock v. Grantham*, 125 N.M. 564, 575, 964 P.2d 125, 136 (Ct. App. 1998).

I agree with Defendants that Plaintiff's First Amended Complaint is insufficient to state a claim for intentional infliction of emotional distress under New Mexico law. New Mexico follows the Restatement (Second) of Torts in defining the elements of this cause of action:

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress . . . .The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

*Mantz v. Follingstad*, 84 N.M. 473, 480 (Ct. App. 1972) (quoting RESTATEMENT (SECOND) OF TORTS § 46 (1965). Thus, Plaintiff must allege extreme and outrageous conduct on the part of Defendants to establish a claim for intentional infliction of emotional distress.

Plaintiff alleges that Defendant Chelette attempted to terminate Plaintiff on March 12, 1996 due to a computer failure in processing integrated circuit wafers, but later reconsidered his decision and transferred her to another shift under Defendant Taylor's supervision. *See* First Amended Complaint at ¶ 13. Plaintiff also alleges that she was suspended and terminated some nineteen months later, allegedly because she misprocessed integrated circuit wafers on five other occasions. *See id.* at ¶ 17. Termination of an employee in an "employment-at-will" state such as New Mexico certainly does not state a claim for outrageous behavior. Neither do I find any extreme or outrageous behavior alleged by the parts of the complaint that allege Plaintiff was terminated without following all of the procedures in the employee handbook. *See id.* at ¶ 18.

5

Plaintiff's ADA claim alleges discriminatory conduct, but no facts that would elevate it above the typical disparate treatment claim. *See id.* at ¶ 18, 24-25. Finally, I disagree with Plaintiff's contention that the complaint alleges that Defendants knew she was peculiarly susceptible to emotional distress; to the contrary, the complaint alleges that Defendant knew that she was easily fatigued and suffered from depression. *See id.* ¶ 15-16. In fact, the complaint does not even allege that Plaintiff is peculiarly susceptible to emotional distress. Finding no allegations sufficient to support an intentional infliction of emotional distress claim, I shall dismiss Count III of Plaintiff's First Amended Complaint with prejudice.

III. *Prima Facie* Tort Claim

Plaintiff's First Amended Complaint alleges, in the alternative to her other claims, that Defendants' actions constitute a *prima facie* tort under New Mexico law. To establish a claim for *prima facie* tort, Plaintiff must prove "(1) an intentional and lawful act; (2) an intent to injure the plaintiff; (3) injury to the plaintiff as a result of the intentional act; (4) and the absence of sufficient justification for the injurious act." *Lexington Ins. Co. v. Rummel*, 123 N.M. 774, 777, 945 P.2d 992, 995 (1997). Although paragraph 21 of the First Amended Complaint makes a conclusory statement to that effect, I find that the factual allegations do not support that conclusion. The factual allegations, if supported by evidence, would lead to the conclusion that Defendants' conduct constituted discrimination based on disability in violation of the New Mexico Human Rights Act and the ADA, or alternatively breach of contract. As Defendants note, New Mexico law does not permit *prima facie* tort to substitute for a plaintiff's inability to meet one or more elements of a tort that is more applicable to a defendant's conduct. *See Stock v. Grantham*, 125 N.M. 564, 575-76, 964 P.2d 125, 136-37 (Ct. App. 1998). Because the conduct underlying

Plaintiff's *prima facie* tort claim completely overlaps her other claims, it would merely be substituting for her inability to prove one of the essential elements of a more appropriate claim. Therefore, this alternative count shall be dismissed.

WHEREFORE, IT IS ORDERED that Defendants' motion is **denied as moot** with respect to dismissal of the ADA claims against the individually named defendants. Plaintiff's request for attorney fees on this issue is **denied**.

IT IS FURTHER ORDERED that Defendants' motion is **granted** insofar as it seeks dismissal of Count III and the *prima facie* tort claims.

IT IS FINALLY ORDERED that Count III of Plaintiff's First Amended Complaint and the alternative count for *prima facie* tort are **dismissed with prejudice**, and Defendants James Taylor and Chuck Chelette are **dismissed** from this case.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE

F:\Brian\99-630 dismiss.wpd